# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JANIE CRUTCHFIELD, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: |
| VANDERBILT UNIVERSITY MEDICAL CENTER, | ] JURY DEMAND |
| Defendants. | ] |

## COMPLAINT

Comes now the Plaintiff, Janie Crutchfield, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION and VENUE

1. This action involves the application of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101, *et. seq.*, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et. seq*.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

3. The claims asserted in this action arose in Davidson County, Nashville, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PREREQUISITES

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on March 13, 2024, and received by Plaintiff on March 13, 2024, a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

5. Janie Crutchfield ("Ms. Crutchfield" or "Plaintiff"), is an adult female individual and citizen of the United States who resides in Nashville, Tennessee.

6. At all relevant times, Plaintiff was an employee of Defendant Vanderbilt Medical Center ("Defendant" or "Vanderbilt") within the meaning of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*, the Americans with Disabilities Act, as Amended ("ADA"), 42 U.S.C. § 12101, *et seq.*

7. Defendant is a domestic, non-profit corporation or similar business entity and regularly conducts business at 1211 Medical Center Dr, Nashville, TN 37232.

8. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 42 U.S.C. § 12101, the Americans with Disabilities Act.

9. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 29 U.S.C. § 2611(4)(A) of the Family and Medical Leave Act (FMLA).

10. Defendant is an employer within the meaning of the ADA and the FMLA.

## FACTUAL ALLEGATIONS

11. Ms. Crutchfield began working for Vanderbilt in November of 2020 as a Referral Management Coordinator.

12. Ms. Crutchfield performed her job duties without issue and consistently received positive feedback on her work.

13. Ms. Crutchfield suffers from congestive heart failure (CHS) and resulting depression.

14. These conditions, in an unmitigated state, interfere with the major life activities of exercising, sleeping, and working.

15. At all relevant times, Ms. Crutchfield was treated by a Vanderbilt physician.

16. From the beginning of her employment, Ms. Crutchfield informed Defendant that she may occasionally require absences in order to receive treatment for her CHS and depression.

17. Ms. Crutchfield attempted to communicate with her supervisor, Mr. Richard Lobban, about her disability and potential accommodations, but he merely told her that he could do nothing to help her.

18. Shortly after in July 2021, Ms. Crutchfield transferred to a different department and was told her previous absences were excused.

19. Ms. Crutchfield began to accumulate absences related to her disability in August 2021.

20. Pursuant to standard Vanderbilt policy, Ms. Crutchfield had monthly one-on-one meetings with her supervisor Ms. Aerica Blair.

21. During these meetings, Ms. Blair advised Ms. Crutchfield to apply for FMLA leave, but warned Ms. Crutchfield that doing so would put her under heavy scrutiny and likely lead to a more difficult employment with Vanderbilt once her FMLA was exhausted.

22. Ms. Crutchfield applied for FMLA in October 2021 but was denied due to not having worked enough hours to be eligible.

23. Ms. Crutchfield reapplied for FMLA in November 2021 but was asked to obtain clarifications on the form.

24. Ms. Crutchfield acquired and submitted a fully executed verification form within a few days but her FMLA was not approved until February 2022.

25. Ms. Crutchfield began receiving writeups immediately after Vanderbilt became aware she had filed for FMLA leave.

26. Ms. Crutchfield's monthly one-on-one meetings with Ms. Blair devolved into nothing but discussions on her attendance despite being covered by FMLA leave.

27. In March 2022, Ms. Crutchfield had a mental health crisis.

28. Ms. Crutchfield had her doctor complete a new FMLA form with a new diagnosis for severe depression anxiety and PTSD, which was approved in April 2022.

29. In June 2022, Ms. Crutchfield received a letter approving continuous FMLA from March 14, 2022 until June 6, 2022 and intermittent FMLA leave from April 15, 2022 until October 15, 2022.

30. In July 2022 Ms. Teresa Gillespie, Ms. Crutchfield's direct supervisor, told Ms. Crutchfield that her FMLA leave had been exhausted.

31. Ms. Crutchfield attempted to confirm this with her FMLA representative but was never able to get a response, which Ms. Crutchfield made Vanderbilt aware of.

32. Ms. Gillespie then advised Ms. Crutchfield to apply for non-FMLA leave.

33. Ms. Gillespie told Ms. Crutchfield that she would have to request disability accommodations and use the leave until those accommodations were approved.

34. Ms. Crutchfield requested accommodations and used the leave, returning on August 1, 2022.

35. During the time Ms. Crutchfield was on leave, Ms. Kara Croat, operations manager for Defendnt, began to aggressively pursue obtaining a final written warning for Ms. Crutchfield.

36. Ms. Crutchfield's requested accommodations were to be able to attend therapy to help cope with her conditions, see a psychiatrist to manage sleep medication for her anxiety, see a pain doctor for her degenerative disc disease, and to have a few mental health days available as needed to deal with her symptoms.

37. Vanderbilt declined offering mental health days, saying that they were unneeded and would create a hardship on the department.

38. In a meeting with Ms. Blair and Ms. Croat, Ms. Crutchfield was blamed for the department's increased workload and stated that Ms. Crutchfield should have been fired a long time ago due to her reduced attendance caused by her disability.

39. Ms. Crutchfield was then issued a written initial warning for attendance.

40. Ms. Crutchfield's psychologist then recommended that Ms. Crutchfield enter into a partial inpatient program.

41. When Ms. Crutchfield attempted to communicate this to Ms. Croat, Ms. Croat stated that a final written warning would be awaiting Ms. Crutchfield's return from the program.

42. Ms. Crutchfield returned from the program on October 1, 2022.

43. On October 17, 2022, Ms. Crutchfield was diagnosed with gout and advised by her doctor to not return to work until October 31, 2022.

44. Ms. Crutchfield informed Ms. Croat of her medical diagnosis on October 20, 2022.

45. On October 28, 2022, Ms. Croat called Ms. Crutchfield to inform her that her treatment for gout was unexcused, and that Vanderbilt was beginning the termination process.

46. Ms. Crutchfield stated that HR should possess her accommodation request, and Ms. Croat responded that she would review the request and may not terminate Ms. Crutchfield if they were accepted.

47. Ms. Croat then advised Ms. Crutchfield to consider resigning.

48. Shortly after, Ms. Crutchfield contacted Ms. Croat offering to change shifts to where her appointments would not overlap with work hours.

49. Ms. Crutchfield also offered to become a part-time employee until she was better able to manage her symptoms.

50. Ms. Crutchfield received no response to either communication.

51. Feeling she had no other option; Ms. Crutchfield sent a message stating she was taking Ms. Croat's advice to resign.

52. Ms. Crutchfield was subjected to disparate treatment and constructively terminated in violation of the ADA and FMLA.

53. Any other reasons proffered by Defendant are pretext.

### COUNT I – VIOLATION OF THE ADA, 42 U.S.C. § 12101, *et seq.*
### (DISCRIMINATION)

54. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

55. Plaintiff was a qualified individual with a disability and/or was perceived as an individual with a disability.

56. Plaintiff was disabled in that she had physical and mental impairments which substantially limited one or more major life activities and/or major bodily functions.

57. Defendant regarded Plaintiff as disabled by perceiving her as having an impairment, whether or not the impairment limits or is perceived to limit a major life activity.

58. Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12112, *et seq*.

59. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

60. Defendant was aware of Plaintiff's disabilities.

61. Defendant took adverse employment actions against Plaintiff because of her disabilities and/or perceived disabilities.

62. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

63. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT II – VIOLATION OF AMERICANS WITH DISABILITIES ACT
## (FAILURE TO ACCOMMODATE)

64. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

65. Plaintiff was disabled in that she suffered from chronic gout, congestive heart failure, and depression which interfered with the major life activities of exercising, sleeping, and working.

66. Plaintiff was reasonably qualified for her position, with or without a reasonable accommodation.

67. Defendant was aware of Plaintiff's disability.

68. Plaintiff made multiple requests for reasonable accommodations to Defendant that would not have caused an undue hardship to Defendant.

69. Defendant failed to provide the necessary accommodations to Plaintiff.

70. As a direct and proximate result of Defendants' unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

71. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT III– VIOLATION OF THE ADA, 42 U.S.C. § 12101, *et seq.* (RETALIATION)

72. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

73. Plaintiff was a qualified individual with a disability and/or was perceived as an individual with a disability.

74. Plaintiff was disabled in that she had physical impairments which substantially limited one or more major life activities and/or major bodily functions.

75. Defendant regarded Plaintiff as disabled by perceiving her as having an impairment, whether or not the impairment limits or is perceived to limit a major life activity.

76. Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12112, *et seq*.

77. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

78. Defendant was aware of Plaintiff's disabilities.

79. Defendant took adverse employment actions against Plaintiff because of her disabilities.

80. Defendant took adverse employment actions against Plaintiff in retaliation for her requests for reasonable accommodations.

81. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

82. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT IV – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT (INTERFERENCE)

83. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

84. Defendant qualifies as an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed over fifty (50) or more employees within a seventy-five (75) mile radius from the location in which the Plaintiff worked.

85. Plaintiff was an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2),

as she had been employed continuously by Defendant for over a twelve-month period and worked at least 1,250 hours of service in the prior twelve-month period.

86. Plaintiff was "entitled to leave" as defined in the FMLA, 29 U.S.C. § 2612(1).

87. Defendant interfered with Plaintiff's attempt to exercise her right of entitlement to leave under the FMLA, pursuant to 29 U.S.C. § 2615(a).

88. Defendant is responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

89. Defendant, in terminating Plaintiff's employment for requesting FMLA willfully violated the anti-interference provisions of the FMLA, 29 U.S.C. § 2615.

90. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT V – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT
## (RETALIATION)

91. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

92. Defendant qualifies as an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed over fifty (50) or more employees within a seventy-five (75) mile radius from the location in which the Plaintiff worked.

93. Plaintiff was an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2), as she had been employed continuously by Defendant for over a twelve-month period and worked at least 1,250 hours of service in the prior twelve-month period.

94. Defendant is responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

95. Defendant, in terminating Plaintiff's employment for requesting FMLA willfully violated the anti-retaliation provisions of the FMLA, 29 U.S.C. § 2615.

96. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**WHEREFORE**, Plaintiff requests this court to enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's adverse actions against Plaintiff;

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(3) liquidated damages pursuant to the ADEA;

(4) a tax offset to neutralize the tax burden of any award;

(5) attorney's fees, interest and costs; and

(6) any such other legal or equitable relief as may be appropriate or to which she may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT AND CONSUMER LAW GROUP**

**/s/ *Lauren Irwin***
**BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
**EMILY COSTANZO, BPR No. 041447**
1720 West End Ave., Ste. 402
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*